CHICAGO—FIRST DISTRICT—DECEMBER, 1916.    205

Lake View Hosp. Assn., etc., v. Nicholson, 202 Ill. App. 205.

## Lake View Hospital Association & Training School for Nurses, Defendant in Error, v. Dr. J. M. Nicholson, Plaintiff in Error.

### Gen. No. 22,453.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed December 18, 1916.

### Statement of the Case.

Action by Lake View Hospital Association & Training School for Nurses, a corporation, plaintiff, against Dr. J. M. Nicholson, defendant, for the price of room, medicine, etc., furnished to one Violet H. Dixon at the special instance and request of the defendant. From a judgment for plaintiff, defendant brings error.

LEE & LEE, for plaintiff in error.

H. E. WYNEKOOP, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. FRAUDS, STATUTE OF, § 3*—*when promise to pay debt of another is void.* The promise to pay the debt of another after the same is incurred is void unless made upon a consideration and reduced to writing.

2. FRAUDS, STATUTE OF, § 12*—*when undertaking is original.* Where goods, money or services are furnished to a third person at the request and upon the credit of the promisor, the undertaking is original and the Statute of Frauds is inapplicable.

3. FRAUDS, STATUTE OF, § 15*—*when undertaking is original.* Where hospital services were furnished to a person at the special instance and request of a physician who had run over ·such person

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

with his automobile and had brought her to the hospital in an unconscious condition, and such physician at the time agreed to be responsible for the bill, and statements of account. were made out to the physician and mailed to him, and no statements were ever mailed to the patient or sent to her, and she was never asked to pay the bill, the promise of the physician must be deemed an original undertaking so as to render the Statute of Frauds inapplicable.

## J. Austin Dunn Specialty Company for use of Thomas P. Baird, Plaintiff in Error, v. Alice L. Dunn, Administratrix, Defendant in Error.

### Gen. No. 22,472.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed December 18, 1916.

### Statement of the Case.

Proceeding in the Probate Court by J. Austin Dunn Specialty Company, a corporation, for the use of Thomas P. Baird, claimant, against Alice L. Dunn, administratrix of the estate of J. Austin Dunn, deceased, respondent, to establish a claim against the estate of a deceased person and for an accounting for funds alleged to belong to the claimant corporation of which the deceased had been president and who had mingled his own funds with those of the corporation. To review a judgment after trial in the Circuit Court disallowing the claim, the respondent prosecutes a writ of error.

ABRAM L. MYERS and RICHARD P. GARRETT, for plaintiff in error.